UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COMMITTEE, AS PLAN ADMINISTRATOR OF THE PRUDENTIAL INSURANCE COMPANY OF AMERICA DEFERRED COMPENSATION PLAN and THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> APRIL LAVENTURE and BRIGITTE FAUTEUX, IN HER CAPACITY AS INDEPENDENT EXECUTOR OF THE ESTATE OF GEORGE V. LAVENTURE, <br><br> Defendants. | Civil Action No. <br><br><br> INTERPLEADER COMPLAINT |

Plaintiffs, Committee, as Plan Administrator of The Prudential Insurance Company of America Deferred Compensation Plan ("Committee") and The Prudential Insurance Company of America ("Prudential"), through its undersigned counsel, files this Complaint for Interpleader against Defendant, April LaVenture, and Defendant Brigitte Fauteux, in her capacity as Independent Executor of the Estate of George V. LaVenture, and in support thereof alleges and says as follows:

**THE PARTIES**

1. Plaintiff, Committee, is the Plan Administrator of The Prudential Insurance Company of America Deferred Compensation Plan.

1

2. Plaintiff, The Prudential Insurance Company of America ("Prudential"), is an insurance company organized and existing under the laws of the State of New Jersey with its principal place of business located in Newark, New Jersey. Prudential is the Plan Sponsor of The Prudential Insurance Company of America Deferred Compensation Plan.

3. Defendant April LaVenture ("LaVenture") is an adult individual who is domiciled in Illinois, with a residential address of 34 S. Quincy St., Hinsdale, Illinois 60521. Upon information and belief, LaVenture is the ex-spouse of George V. LaVenture, deceased ("Participant"). LaVenture is named in this action as a putative beneficiary of certain funds as specified herein.

4. Defendant Brigitte Fauteux is the Independent Executor of the Estate of George V. LaVenture ("Estate"), a Cook County, Illinois estate. Attached hereto as Exhibit A is a true and correct copy of Letters of Office issued by the Cook County, Illinois, County Department – Probate Division. The Estate is named in this action as a putative beneficiary of certain funds as specified herein.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this Interpleader action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, because the Plan at issue is an employee benefit plan within the meaning of Section 3(3) of ERISA, and Plaintiffs are Plan fiduciaries seeking equitable relief. 29 U.S.C. § 1332(a)(3), 1132(e)(1).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)(1) because it is the judicial district in which one or more of the Defendants resides and all Defendants are residents of Illinois.

## FACTS SUPPORTING INTERPLEADER

7. At all relevant times, the Participant was a participant in The Prudential Insurance Company of America Deferred Compensation Plan ("Plan").

8. The Committee is the Plan Administrator of the Plan.[1]

9. Prudential is the Plan Sponsor of the Plan.

10. On or about November 16, 2011, the Participant designated April LaVenture, spouse, as the beneficiary of Plan benefits payable after a participant's death.

11. On or about June 25, 2022, the Participant died. *See* Exhibit A.

12. Following the Participant's death, the Participant's account value, totaling $682,257.31 ("Account Value") under the Plan became due to the Participant's beneficiary.

13. At the time of the Participant's death, LaVenture remained the Participant's sole primary beneficiary under the Plan and there was no contingent beneficiary designated. Under the Plan, where no beneficiary is designated, the Participant's Estate would be entitled to payment of any benefits due at the time of the Participant's death.

14. By communication dated July 6, 2022, Brigitte Fauteux provided the Committee with various documents pertaining to the Participant, including a Trust, a Will, and a February 11, 2021 Judgment of Dissolution of Marriage. Attached hereto as Exhibit B is a true and correct copy of the referenced July 6, 2022 communication with enclosures.

15. A Marital Settlement Agreement was incorporated by reference in the 2021 Judgment of Dissolution of Marriage. The Marital Settlement Agreement provides:

> 5.4 <u>Retirement Accounts Awarded to George.</u> Subject to provisions elsewhere in this Agreement, George shall be awarded the entirety (100%) of the following retirement accounts as his hole and separate property, free and clear of any interest of April:
> \* \* \*

---

[1] Per the terms of the Plan, the Committee can delegate certain tasks to others. References to Committee herein refer from time-to-time to the Committee or its delegate(s).

3

      (d)    Prudential Deferred Compensation Plan x4482…

*See* Exhibit B at Martial Settlement Agreement.

    16.    By letter dated October 4, 2022, Adam J. Poteracki, Esq., as counsel for the Estate, demanded that the Committee place a hold on any distribution from the Plan, arguing that the Judgment of Dissolution of Marriage and Marital Settlement Agreement affects the ownership of the Plan Account Value, such that the Estate is the proper recipient of the Account Value and not LaVenture. Attached hereto as Exhibit C is a true and correct copy of the referenced October 4, 2022 letter.

    17.    On or about November 15, 2022, the Committee's designee, Prudential Human Resources – Corporate Compensation, responded to Attorney Poteracki's October 4, 2022 letter, acknowledging that the Estate was making a competing claim to the Account Value. The Committee inquired as to whether the Estate and LaVenture had reached a resolution as to distribution of the Account Value and, if not, the Committee indicated it may file an Interpleader action to resolve the competing claims. Attached hereto as Exhibit D is a true and correct copy of the referenced November 15, 2022 letter.

    18.    On or about November 15, 2022, the Committee's designee, Prudential Human Resources – Corporate Compensation, wrote to LaVenture, advising her that the Committee had received a claim to the Participant's Account Value from the Estate based upon the Marital Settlement Agreement. The Committee inquired as to whether the Estate and LaVenture would reach an agreement as to distribution of the Account Value and, if not, the Committee indicated it may file an Interpleader action to resolve the competing claims. Attached hereto as Exhibit E is a true and correct copy of the referenced November 15, 2022 letter.

19. To date, neither the Estate nor LaVenture have responded to the Committee's inquiries concerning the dispute.

20. Due to the competing claims of Defendants, the Committee cannot determine who – as between LaVenture and the Estate – is entitled to the Account Value without exposing Plaintiffs to multiple liability and/or litigation.

## THE APPROPRIATENESS OF INTERPLEADER

21. As a mere disinterested stakeholder, Plaintiffs claim no title to or interest in the Account Value and the Committee is ready and willing to pay the Account Value to the person(s) entitled to it, but the Committee is unable to make the determination of entitlement without exposing Plaintiffs to double or multiple liability and/or litigation on account of the competing claims made by or available to Defendants.

22. The Committee is a mere stakeholder in this action, having and claiming no interest in the Account Value. The Committee is ready and willing to deposit the Account Value, with the Court's registry, or to a person duly authorized by the Court to receive it.

23. Plaintiffs have no means other than this Interpleader action of protecting themselves against multiple conflicting or potentially conflicting claims and/or possible multiple litigation on the part of the Defendants as to the Account Value.

24. Plaintiffs bring this Complaint in Interpleader of their own free will and to avoid being vexed and harassed by conflicting and multiple claims.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully requests that this Court grant the following relief:

A. Directing the Committee to pay the Account Value into this Court's registry or to such other person as the Court may direct;

B. Requiring the Defendants to answer this Complaint in Interpleader and directing the Defendants to interplead their rights to such sums;

C. Restraining and enjoining the Defendants, and each of them, from instituting or maintaining any action against Plaintiffs to recover such sums;

D. Discharging Plaintiffs from all liability to the Defendants arising out of the matters set forth herein upon payment of the Account Value into this Court or to such person as the Court directs;

E. Entry of an Order awarding the Committee payment of its reasonable attorney's fees and costs necessitated by the bringing of this action; and

F. Such other relief as is deemed just and proper.

Dated: February 14, 2023, Respectfully submitted,

**SANCHEZ DANIELS & HOFFMAN LLP**

By: /s/Heather D. Erickson
    Attorney for Plaintiff,
    Prudential Insurance Company of America, a foreign corporation

Heather D. Erickson [#6269711]
**SANCHEZ DANIELS & HOFFMAN LLP**
333 West Wacker Drive
Suite 500
Chicago, Illinois 60606
T: (312) 641-1555
F: (312) 641-3004
E: herickson@sanchezdh.com