UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COMMITTEE, AS PLAN ADMINISTRATOR OF THE PRUDENTIAL INSURANCE COMPANY OF AMERICA DEFERRED COMPENSATION PLAN and THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APRIL LAVENTURE and BRIGITTE FAUTEUX, IN HER CAPACITY AS INDEPENDENT EXECUTOR OF THE ESTATE OF GEORGE V. LAVENTURE,<br><br>Defendants. | Civil Action No.: 1:23-cv-00902 |

## JOINT INITIAL STATUS REPORT UNDER RULE 26(f)

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.** **Nature of the Case**

    A.    Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.

            Heather D. Erickson, Esq., Plaintiffs' Counsel
            Riccardo A. Di Monte, Esq., and Dominic G. Erbacci, Esq., Counsel for Brigitte Fauteux, in her capacity as Independent Executor of the Estate of George V. Laventure ("Estate")

    B.    State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties. As a reminder, domicile is different than residence – the

former is what counts for diversity purposes. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012).

If the basis of jurisdiction is diversity, please remember that a corporation is treated differently than an LLC/LLP. Please note two things. ***First***, if a party is a corporation, counsel must identify its place of incorporation and its principal place of business. ***Second***, if a party is a partnership or a limited liability company, counsel must identify the name and domicile(s) of each and every partner/member of each such entity. *See Belleville Catering Co. v. Champaign Market Place LLC*, 350 F.3d 691 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998); *Carden v. Arkoma Assoc.*, 494 U.S. 185 (7th Cir. 1990). If any partners or members are themselves partnerships or LLCs, the rule applies to their partners or members, too.

The Plan at issue in this lawsuit is an employee benefit plan within the meaning of Section 3(3) of ERISA and Plaintiffs are Plan fiduciaries seeking equitable relief. 29 U.S.C. § 1332 (a)(3), 1132(e)(1).

      C.      Provide a short overview of the case in plain English (five sentences or less).

Following his death, George Laventure's ("Participant") $682,257.31 account value ("Account Value") under the Plan became due to his beneficiary. Participant designated Defendant April LaVenture as beneficiary of the Account Value. Defendant Participant's Estate has made a competing claim to Plaintiffs for the Account Value based upon the terms of a divorce decree/property settlement agreement applicable to Participant and April LaVenture's divorce.

      D.      Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

Plaintiffs' position: Plaintiffs are mere neutral stakeholders and seek interpleader relief, including deposit of the Account Value, discharge from further liability, dismissal with prejudice and recovery of costs and fees.

Estate's position: The Estate does not dispute that the Plaintiffs are entitled to interpleader relief. However, in the interest of judicial economy, and under the facts of this case, the Estate asserts that the court should enter an order directing that the Account Value be issued directly to the Estate.

Specifically, Defendant LaVenture is in default because she failed to timely file an appearance in this case despite having been served with summons and a copy of the Complaint.

Further, on or about February 11, 2021, a Judgment of Dissolution of Marriage was entered in the Circuit Court of Cook County, Illinois, under Case Number 2019-D-005759, which Judgment incorporated a Marital Settlement Agreement (MSA) entered into by the Participant and Defendant LaVenture. The MSA expressly granted all interest in the Plan to the Participant and Defendant LaVenture expressly conveyed, assigned, transferred, waived, and relinquished her rights in and to the Plan at issue. (*See* ¶ 5.4, p. 9 of 16, and ¶ 12.2, p. 14 of 16 of the MSA).

The Estate is the only party entitled to the Account Value for the following reasons: (i) ERISA's anti-alienation provision does not apply to "top hat plans" (*See* e.g., *Sposato v. First Mariner Bank*, 2013 WL 1308582, at *2-3 (D. Md. March 28, 2013), and Ms. LaVenture conveyed, assigned, transferred, waived, and relinquished her rights in and to the Plan; (ii) as a "top hat plan," the express terms of the MSA unequivocally grant all rights and interest in the Plan to Participant (*See* ¶ 5.4, p. 9 of 16 of the MSA) and Defendant LaVenture relinquished, released, waived and forever quit claimed to the Participant all rights of descent, distribution, and all other right, title, claim interest and estate as Husband and Wife (*See* ¶ 12.3, pp. 14-15 of 16 of the MSA); (iii) as a "top hat plan," the Plan documents allow the Committee to determine the proper Beneficiary of the Plan based upon the MSA (*See* Plan Description at ¶ 7.1, p. 19 of 25); (iv) the Estate remains entitled to the Account Value under generally well-accepted principals of contract law; and/or (v) the Plan documents permit a beneficiary designation to be changed at any time "even if the Participant is not living when the request is received" (*See* Plan Description at ¶ 5.2, p. 17 of 25), and accordingly, either the Estate may complete a change in the Beneficiary designation or Ms. LaVenture may be ordered to complete a Qualified Domestic Relations Order (*See* ¶ 12.2, p. 14 of 16 of the MSA).

  E.  What are the principal factual issues?

Plaintiff's position: Plaintiffs' entitlement to interpleader relief is a legal issue as it cannot be disputed that they are subject to multiple claims on the Account Value.

Estate's position: The Estate does not dispute that the Plaintiff is entitled to interpleader relief, however, the Estate believes that the principal factual issues are as follows:

The Participant was a member in The Prudential Insurance Company of America Deferred Compensation Plan (Plan). The Plan is a "top hat plan" to which certain ERISA provisions do not apply. (*See* e.g., 29 U.S.C § 1051(2); 29 U.S.C § 1081(a)(3); and 29 U.S.C § 1101(a)(1)). The Participant and Defendant LaVenture married in the year 2010. The Plaintiffs allege that the Participant named Defendant LaVenture as a beneficiary of the Plan in 2011. The Participant and Defendant LaVenture divorced in the year 2021 and entered into the MSA. Paragraph 5.4 of the MSA states that the Participant was awarded the entirety (100%) of the Plan at issue. (*See* the MSA, at ¶ 5.4, p. 9 of 16). Further, Defendant LaVenture relinquished, released, waived, granted, and assigned to the Participant all rights of distribution and "all other right, title, claim, interest and estate as Husband and Wife, widow or widower, by reason of the marital relationship existing between the parties hereto under any present or future law. ..." (*See* Id. at ¶ 12.3, pp. 14-15 of 16).

  The MSA also requires Defendant LaVenture to "execute, acknowledge and deliver any and all releases or other instruments and further assurances as may be required or reasonably requested to effect or evidence such release, waiver, relinquishment, or extinguishment of such rights." (Id.). Finally, Paragraph 12.2 of the MSA states that if either party fails to execute and deliver any necessary or proper documents to vest title of property awarded to the other, the MSA shall, "… *constitute a full and present transfer, assignment and conveyance of all rights hereinabove designated to be transferred, assigned and conveyed and a full, present and effective relinquishment and waiver of all rights hereinabove designated to be relinquished and waived.* …" (*See* **Ex. A**, at ¶ 12.2, p. 14 of 16).

  The Participant died on about June 25, 2022.

F.  What are the principal legal issues?

Plaintiffs' position: Whether Plaintiffs are entitled to interpleader relief, as a neutral stakeholder.

Estate's position: Whether the Estate is entitled to the Account Value on summary judgment because ERISA's anti-alienation provision does not apply to "top hat plans," and Defendant LaVenture conveyed, assigned, transferred, waived, and relinquished her rights in and to the Plan.

Whether the Estate is entitled to the Account Value on summary judgment because, as a "top hat plan," the express terms of the MSA unequivocally grant all rights and interest in the Plan to Participant and the Plan documents allow the Committee to determine the proper Beneficiary of the Plan.

Whether the Estate is entitled to the Account Value on summary judgment under generally well-accepted principles of contract law because Defendant LaVenture conveyed, assigned, transferred, waived, and relinquished her rights in and to the Plan.

Whether the Estate may complete a change in the Beneficiary designation because, as a "top hat plan," the Plan documents permit a beneficiary designation to be changed at any time "even if the Participant is not living when the request is received."

Whether the court may compel Defendant LaVenture to complete a Qualified Domestic Relations Order conveying, assigning, transferring, waiving, and relinquishing her rights in and to the Plan because, as a "top hat plan," the Plan documents permit a beneficiary designation to be changed at any time "even if the Participant is not living when the request is received."

G.  What relief is the plaintiff(s) seeking? Quantify the damages, if any.
(A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for the case. This estimate will not be admissible.).

Plaintiffs are mere neutral stakeholders and seek interpleader relief, including deposit of the Account Value, discharge from further liability, dismissal with prejudice and recovery of costs and fees.

Th Estate is seeking the entry of a Default Judgment against Defendant LaVenture because she has failed to file her appearance or otherwise participate in this litigation. The Estate is additionally seeking that this court enter summary judgment in its favor an against Defendant LaVenture and order the Plaintiffs to pay the Account Value to the Estate.

H.  Have all of the defendants been served, or waived service of process? If not, identify the defendants that have not received service.

Yes.

## II. Discovery

A.  Propose a discovery schedule. Include the following deadlines: (1) the mandatory initial discovery responses; (2) any amendment to the pleadings to add new claims, or new parties; (3) service of process on any "John Doe" defendants; (4) the

completion of fact discovery; (5) the disclosure of plaintiff's expert report(s); (6) the deposition of plaintiff's expert; (7) the disclosure of defendant's expert(s); (8) the deposition of defendant's expert; and (9) dispositive motions. ***Fill in the blanks, below.***

Also, submit a Word version of the proposed scheduling order to Judge Seeger's proposed order inbox, Proposed_Order_Seeger@ilnd.uscourts.gov. The template is available on the Court's webpage.

Plaintiffs, as neutral interpleader stakeholders, do not plan on participating in discovery or in the trial of this matter and, thus, takes no position on the discovery deadlines set forth herein.

The Estate is similarly unable to take a position on the discovery deadlines because it intends to file a Motion for Summary Judgment and Defendant LaVenture has not filed an appearance or participated in this litigation.

| Event | Deadline |
|---|---|
| Amendment to the pleadings | |
| Service of process on any "John Does" | |
| Completion of Fact Discovery | |
| Disclosure of Plaintiff's Expert Report(s) | One month after the close of fact discovery (insert a date certain) |
| Deposition of Plaintiff's Expert | |
| Disclosure of Defendant's Expert Report(s) | |
| Deposition of Defendant's Expert | |
| Dispositive Motions | One month after the close of expert discovery (insert a date certain) |

    B.     How many depositions do the parties expect to take?

    C.     Do the parties foresee any special issues during discovery?

    D.     Rule 26(f)(2) requires the parties to propose a discovery plan. *See* Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the

parties' views and proposals" on six different topics. *See* Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?

If the parties do make any proposals, be sure to include them in the proposed scheduling order that will be sent to Judge Seeger's proposed order inbox.

### III. Trial

  A. Have any of the parties demanded a jury trial?

No.

  B. Estimate the length of trial.

The Estate does not believe that a trial will be required because it is not contesting the Plaintiffs' entitlement to interpleader and Defendant LaVenture has not filed an appearance in this matter.

### IV. Settlement, Referrals, and Consent

  A. Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do not provide any particulars of any demands or offers that have been made.)

Plaintiffs' position: The real dispute is between Defendant April LaVenture and the Estate. The Estate has appeared via counsel and has requested Plaintiff's consent to an extension of time to answer, which Plaintiff has given. April LaVenture has not appeared. Plaintiffs plan to enter Default against April LaVenture and, following, to file a Motion for Default Judgment against April LaVenture along with a Motion for Interpleader Relief, including for deposit of funds, discharge and dismissal and recovery of fees/costs. Assuming the Motion is granted, the Estate will then apply to this Court for a turnover of the funds on deposit to the Estate.

Estate's position: The Estate does not contest the Plaintiffs' right to interpleader relief or to seek the entry of a default judgment against Defendant LaVenture. However, the Estate intends to file a Motion for Summary Judgment as to the issue of which party is entitled to the Account Value. The Estate can file its Motion for Summary Judgment at the same time the Plaintiffs file its Motion for Default Judgment against April LaVenture and its Motion for Interpleader Relief. As stated above, as a matter of judicial economy, the Plaintiffs should be ordered to pay the Account Value to the Estate because the Estate is the only party properly entitled to the same.

  B. Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

Plaintiffs do not anticipate being a necessary party to any settlement conference that may occur in this matter.

The Estate also does not believe that a settlement conference will be required because it is not contesting the Plaintiffs' entitlement to interpleader and Defendant LaVenture has not filed an appearance in this matter.

  C.  Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties <u>unanimously consent</u> to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

The parties do not unanimously consent to Magistrate Judge jurisdiction.

## V.  <u>Other</u>

  A.  Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)

  B.  Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)


/s/ Heather D. Erickson
Heather D. Erickson [#6269711]
**SANCHEZ DANIELS & HOFFMAN LLP**
333 West Wacker Drive
Suite 500
Chicago, Illinois 60606
T: (312) 641-1555
F: (312) 641-3004
E: [herickson@sanchezdh.com](herickson@sanchezdh.com)
Attorneys for Plaintiff


/s/ Dominic G. Erbacci
Dominic G. Erbacci, Esq.
Attorney for Defendant,
Brigitte Fauteux, in her capacity as Independent Executor
of the Estate of George V. Laventure