**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| COMMITTEE, AS PLAN ADMINSTRATOR | ) | |
| OF THE PRUDENTIAL INSURANCE | ) | |
| COMPANY OF AMERICA DEFERRED | ) | |
| COMPENSATION PLAN, ET. AL., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:23-cv-00902 |
| | ) | |
| APRIL LAVENTURE AND BRIGITTE | ) | Hon. Steven C. Seeger |
| FAUTEUX, IN HER CAPACITY AS | ) | |
| INDEPENDENT EXECUTOR OF THE | ) | |
| ESTATE OF GEORGE V. LAVENTURE, | ) | |
| | ) | |
| Defendants. | ) | |

**BRIGITTE FAUTEUX'S STATEMENT OF MATERIAL FACTS
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Defendant, Brigitte Fauteux, in her capacity as Independent Executor of the Estate of George V. LaVenture (Estate), through her undersigned counsel, and respectfully states as follows as her Statement of Material Facts in Support of her Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 56):

1.      Mr. George V. LaVenture (Participant) was a member in The Prudential Insurance Company of America Deferred Compensation Plan (Plan).  (Pl.'s Compl. at ¶ 7).

2.      Prudential is the plan administrator and sponsor.  (Pl.'s Compl. at ¶¶ 8-9).

3.      The Plan is maintained for "a select group of management of highly compensated employees within the meaning of Sections 201, 301, and 401 of ERISA."  (Pl.'s Compl. at Ex. D).

4.      In November 2011, the Participant named Defendant April LaVenture (Ms. LaVenture) as the beneficiary of the Plan.  (Pl.'s Compl. at ¶ 10).

5.      In February 2021, the Participant and Ms. LaVenture were legally divorced and entered into a Judgment for Dissolution of Marriage that incorporated a Marital Settlement

Agreement (MSA). (Pl.'s Compl. at ¶¶ 14-15; Ex. D; and Estate's Answer to Pl.'s Compl. at ¶ 10).

6. Paragraph 5.4 of the MSA states that the Participant was awarded the entirety (100%) of the Plan at issue. (Pl.'s Compl. at ¶ 15; and Estate's Answer to Pl.'s Compl. at ¶ 10).

7. Pursuant to the terms of the MSA, Ms. LaVenture relinquished, released, waived, granted, and assigned to the Participant all rights of distribution and "all other right, title, claim, interest and estate as Husband and Wife, widow or widower, by reason of the marital relationship existing between the parties hereto under any present or future law. ..." (Estate's Answer to Pl.'s Compl. at ¶ 10).

8. The MSA also requires Ms. LaVenture to "execute, acknowledge and deliver any and all releases or other instruments and further assurances as may be required or reasonably requested to effect or evidence such release, waiver, relinquishment, or extinguishment of such rights." (Id.).

9. Paragraph 12.2 of the MSA further states that if either party fails to execute and deliver any necessary or proper documents to vest title of property awarded to the other, the MSA shall, "… constitute a full and present transfer, assignment and conveyance of all rights hereinabove designated to be transferred, assigned and conveyed and a full, present and effective relinquishment and waiver of all rights hereinabove designated to be relinquished and waived. …" (Id.).

10. On or about June 25, 2022, the Participant died, at which time the value of the Plan totaled $682,257.31 (Funds). (Pl.'s Compl. at ¶¶ 11-12).

11. On or about June 25, 2022, Ms. LaVenture remained the Participant's beneficiary under the Plan. (Pl.'s Compl. at ¶ 13).

12.     On or about July 6, 2022, the Estate delivered copies of the Participant's Trust, Will, and MSA to Prudential.  (Pl.'s Compl. at ¶ 14).

13.     On or about October 4, 2022, the Estate issued correspondence to Prudential demanding a hold be placed upon any distributions from the Plan, asserting that the MSA affects the ownership of the Plan, and that the Estate is the proper recipient of the Plan and not Ms. LaVenture.  (Pl.'s Compl. at ¶ 16).

14.     On or about November 15, 2022, Prudential issued correspondence to the Estate and Ms. LaVenture acknowledging that competing claims were made as to the Plan and stating that an action in interpleader would be filed to resolve such competing claims.  (Pl.'s Compl. at ¶¶ 17-18).

15.     On February 14, 2023, Prudential caused an Interpleader Complaint (Complaint) to be filed in the United States District Court, Northern District of Illinois, as Case No. 1:23-cv-00902, naming Ms. LaVenture and the Estate as Defendants.  (See Docket Record No. 1).

16.     On March 1, 2023, Ms. Bridgette Fauteux was served with a copy of a summons and the Complaint on behalf of the Estate.  (See Affidavit of Service at Docket Record No. 6).

17.     On March 8, 2023, Ms. LaVenture was served with a copy of a summons and the Complaint.  (See Affidavit of Service at Docket Record No. 5).

18.     On March 17, 2023, counsel for the Estate filed an appearance in these proceedings. (See Docket Record No.s 7-8).

19.     To date, Ms. LaVenture has neither filed an appearance or answer to the Complaint. (See Civil Docket for Case No.: 1:23-cv-00902).

Respectfully submitted,

Brigitte Fauteux, in her capacity as
Independent Executor of the Estate of
George V. LaVenutre,

     */s/ Dominic G. Erbacci*

By: _____

  One of her Attorneys

Riccardo A. DiMonte, ARDC# 6191706
rdimonte@robbinsdimonte.com
Dominic G. Erbacci, ARDC# 6329651
derbacci@robbinsdimonte.com
Robbins DiMonte, Ltd.
216 Higgins Rd.
Park Ridge, IL 60068
Tel. (847) 698-9600