# EXHIBIT C

 **Prudential**

The Prudential Insurance Company of America
Human Resources – Corporate Compensation
751 Broad Street, 21st Floor
Newark, NJ 07102

November 15, 2022

Adam J. Poteracki, Esq.
Robbins DiMonte
216 West Higgins Rd.
Park Ridge, IL 60068
**SENT VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Dear Mr. Poteracki:

    We are in receipt of your letter dated October 4, 2022, on behalf of Brigitte Fateaux, executor of the Estate of George LaVenture ("Estate"), regarding the decedent's account under The Prudential Insurance Company of America Deferred Compensation Plan ("DCP"). The DCP is designed to be (i) an employee benefit plan within the meaning of Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), and (ii) an unfunded plan maintained by The Prudential Insurance Company of America for a select group of management or highly compensated employees within the meaning of Sections 201, 301, and 401 of ERISA.

    George LaVenture was a participant in the DCP. In 2011, Mr. LaVenture designated April LaVenture as his designated beneficiary under the DCP and made no change of beneficiary designation thereafter. We understand, however, that the Estate is making a competing claim to Mr. LaVenture's account under the Plan based upon language in a Property Settlement Agreement incorporated into a Judgment of Divorce. In light of the competing claims, the Plan Administrator of the DCP is not in a position at this time to make a determination as to the proper beneficiary of Mr. LaVenture's account under the DCP. Accordingly, we have placed a hold on Mr. LaVenture's account under the DCP.

    You implied in your letter that the Estate would be attempting to resolve the competing claim situation with April LaVenture. Please advise whether progress has been made toward resolving this matter. If you can reach a resolution of this dispute with April LaVenture, we will require for George LaVenture's Estate and April LaVenture to execute our form settlement and release agreement before distributions are made from the DCP. If George LaVenture's Estate and April LaVenture do not notify us of a resolution within 30 days from the date of this letter, the Plan Administrator may be forced to file an Interpleader action with the proper court to resolve this issue. We will advise April LaVenture similarly.

1

Please note that Mr. LaVenture was also a participant under the American Skandia Life Assurance Corporate Lifestyle Security Plan ("Skandia Plan"), which is sponsored by The Prudential Insurance Company of America. The beneficiary there is neither the Estate nor April LaVenture. The Plan Administrator for the Skandia Plan plans to proceed in the normal course of business with payment of that account to the designated beneficiary.

Sincerely,

*Matilda Ellis*

Matilda Ellis
On behalf of the Plan Administrator for the DCP



**Prudential**

The Prudential Insurance Company of America
Human Resources – Corporate Compensation
751 Broad Street, 21st Floor
Newark, NJ 07102

November 15, 2022

April LaVenture
34 S. uincy St
Hinsdale, IL 60521
**SENT VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Dear Ms. LaVenture:

 We have been notified of the death of George LaVenture. At the time of his death, you were named as the designated beneficiary of Mr. LaVenture's account under The Prudential Insurance Company of America Deferred Compensation Plan ("DCP"). We have, however, received a competing claim to Mr. LaVenture's account under the DCP from the Executor of Mr. LaVenture's Estate ("Estate"), based upon the language of a Property Settlement Agreement that was incorporated into a Judgment of Divorce, which the Estate argues establishes that you waived any right as a beneficiary to Mr. LaVenture's account under the DCP. In light of the competing claims, the Plan Administrator of the DCP is not in a position at this time to make a determination as to the proper beneficiary of Mr. LaVenture's account under the DCP. Accordingly, we have placed a restriction on this account.

 It is our understanding that counsel for the Estate is Adam Poteracki, Esq. of Robbins DiMonte. If you can reach a resolution of this dispute with George LaVenture's Estate, we will require for you and George LaVenture's Estate to execute our form settlement and release agreement before distributions are made from the DCP. If you and George LaVenture's Estate do not notify us of a resolution within 30 days from the date of this letter, we may be forced to file an Interpleader action with the proper court to resolve this issue. We will advise counsel for the Estate similarly.

Sincerely,

*Matilda Ellis*

Matilda Ellis
On behalf of the Plan Administrator for the DCP