**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| COMMITTEE, AS PLAN ADMINSTRATOR ) <br> OF THE PRUDENTIAL INSURANCE ) <br> COMPANY OF AMERICA DEFERRED ) <br> COMPENSATION PLAN, ET. AL., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> APRIL LAVENTURE AND BRIGITTE ) <br> FAUTEUX, IN HER CAPACITY AS ) <br> INDEPENDENT EXECUTOR OF THE ) <br> ESTATE OF GEORGE V. LAVENTURE, ) <br> ) <br> Defendants. ) | Civil Action No. 1:23-cv-00902 <br><br> Hon. Steven C. Seeger |

| |
|---|
| BRIGITTE FAUTEUX, IN HER CAPACITY ) <br> AS INDEPENDENT EXECUTOR OF THE ) <br> ESTATE OF GEORGE V. LAVENTURE, ) <br> ) <br> Cross-Claimant, ) <br> ) <br> v. ) <br> ) <br> APRIL LAVENTURE ) <br> ) <br> Cross-Defendant. ) |

**BRIGITTE FAUTEUX'S FED.R.CIV.P. 13(g)
CROSSCLAIM AGAINST APRIL LAVENTURE**

NOW COMES the Cross-Claimant, Brigitte Fauteux, in her capacity as Independent Executor of the Estate of George V. LaVenture, through her undersigned counsel, and as for her crossclaim pursuant to Rule 13 of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 13(g)) against the Cross-Defendant, April LaVenture, alleges and states as follows:

**THE PARTIES**

1.   The Cross-Claimant, Brigitte Fauteux, is the Independent Executor of the Estate of

George V. LaVenture (Estate), a Cook County, Illinois decedent's estate. The Estate was named as a putative beneficiary of certain funds as specified in the Committee, as Plain Administrator of the Prudential Insurance Company of America Deferred Compensation Plan, et al. (Prudential)'s Interpleader Complaint (Complaint).

2. The Cross-Defendant, April LaVenture (April) is an adult individual who is a citizen of, and presently domiciled in, the State of Indiana, with a residential address of 504 Shannon Bridge, Dyer, Indiana 46311. April is the ex-spouse of George V. LaVenture (George) (deceased). April was named as a putative beneficiary of certain funds as specified in Prudential's Complaint.

## JURISDICTION AND VENUE

3. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367(a) because the claims set forth herein are so related to the claims set forth in Prudential's Complaint that they form part of the same case or controversy.

4. In the alternative, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. April is a citizen and resident of the State of Indiana. The Estate is governed by the laws of the State of Illinois.

5. Venue is proper in the Northern District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District in the State of Illinois.

6. Finally, on June 20, 2023, this Court entered an order enjoining the parties from initiating or pursuing any other proceeding related to the subject matter of the Complaint elsewhere. (See **Ex. E**).

## FACTS COMMON TO ALL COUNTS

7. George and April were lawfully married on October 23, 2010, and registered their

marriage in Chicago, Cook County, Illinois.

8. On February 11, 2021, George and April were divorced by operation of the entry of a Judgment of Dissolution of Marriage (Judgment) entered by the Circuit Court of Cook County. (A true and correct copy of the Judgment is incorporated herein and attached hereto as **Exhibit A**).

9. At all relevant times, George was a participant in The Prudential Insurance company of America Deferred Compensation Plan x4482" (Plan).

10. On or about June 25, 2022, George died, at which time the value of the Plan totaled $682,257.31 (Funds).

11. On October 26, 2022, Ms. Brigitte Fauteux was appointed to serve as the Independent Executor of George's estate (Estate). (A true and correct copy of the October 26, 2022 Letters of Office appointing Ms. Fauteux is incorporated herein and attached hereto as **Exhibit B**).

12. On or about November 15, 2022, Prudential issued correspondence to the Estate and April acknowledging that competing claims were made as to the Plan and stating that an action in interpleader would be filed to resolve such competing claims. (A true and correct copy of the November 15, 2022 correspondence is incorporated herein and attached hereto as **Exhibit C**).

13. On February 14, 2023, Prudential caused the underling Complaint to be filed in these proceedings, naming the Estate and April as defendants in order to determine which party is entitled to the Funds. (A true and correct copy of the Complaint is incorporated herein and attached hereto as **Exhibit D**).

14. On June 20, 2023, the Court entered an Order authorizing the registry of the Court to receive $682,257.31 from Prudential pending further order of the Court, dismissing Prudential from this litigation, and enjoining the parties from initiating or pursuing any other proceeding

related to the subject matter of the Complaint elsewhere. (A true and correct copy of the Court's June 20, 2023 Order is incorporated herein and attached hereto as **Exhibit E**).

15. In furtherance of the Court's June 20, 2023 Order, the Estate now brings its claims for specific performance, breach of contract, petition to enroll a foreign judgment, and petition for rule, in order to establish its entitlement to the Funds as set forth herein below.

*The Judgment of Dissolution of Marriage*.

16. In pertinent part, Paragraph 5 of the Judgment incorporated a Marital Settlement Agreement (MSA) entered into by George and April. (See **Ex. A** at ¶ 9). (See also, **Ex. A** at ¶ B; ("That the Marial Settlement Agreement and all of its provisions are incorporated by reference only into and made a part of this Judgment of Dissolution of Marriage.")). (A true and correct copy of the MSA is incorporated herein and attached hereto as **Exhibit F**).

17. Paragraph C of the Judgment states that George and April, "… are ORDERED, ADJUDGED, DECREED AND DIRECTED to execute and carry out all of the terms, provisions and conditions of the Judgment and of the said Marital Settlement Agreement." (See **Ex. A** at ¶ B).

18. Finally, Paragraph D of the Judgment requires George and April to, "at any time and from time to time execute, acknowledge and deliver any and all documents which may be necessary or proper to carry out the separate ownership of the several properties of said parties in the manner therein agreed and provided." (See **Ex. A** at ¶ D).

*The Marital Settlement Agreement*

19. Paragraph 5.4 of the MSA, which document was incorporated into the Judgment, states, in pertinent part, that George was awarded the entirety (100%) of the "Prudential Deferred Compensation Plan x4482". (*See* **Ex. F**, at ¶ 5.4, p. 9 of 16).

20. The MSA requires April to execute, acknowledge and deliver any and all releases

or other instruments and further assurances as may be required or reasonably requested to carry out the purposes of the MSA and to establish of record the sole and separate ownership of the several properties allocated therein. (*See* Id. at ¶ 12.2, p. 14 of 16).

21. The MSA expressly states that if either George or April fails to execute and deliver any necessary or proper documents to vest title of property awarded to the other, the MSA itself shall, "… constitute a full and present transfer, assignment and conveyance of all rights hereinabove designated to be transferred, assigned and conveyed and a full, present and effective relinquishment and waiver of all rights hereinabove designated to be relinquished and waived. …" (*See* Id. at ¶ 12.2, p. 14 of 16). (Emphasis added.)

22. The parties expressly agreed that the MSA would serve as a "complete defense" to any claims or suits relating to the MSA. (*See* Id. at ¶ 12.3, pp. 14-15 of 16).

23. Paragraph 11.2 of the MSA states that in the event either party willfully fails to perform any financial "or other undertakings as required … said party shall indemnify and hold the other harmless for any such expense, including the payment of reasonable attorneys' fees and cost of enforcement of this Agreement. ..." (*See* Id. at ¶ 11.2, p. 13 of 16).

24. Finally, Paragraph 12.5 of the Marital Settlement Agreement states that said document "Shall be binding upon and inure to the benefit of the heirs, executors, administrators, assigns, devisees and grantees of the parties hereto." (*See* Id. at ¶ 12.5, p. 15 of 16).

**COUNT I: SPECIFIC PERFORMANCE**

25. The Estate incorporates and realleges Paragraph 1 through 24 above as though set forth as Paragraph 25 herein.

26. The parties' MSA is a valid, binding, and enforceable contract.

27. George performed all of his obligations as required by the parties' MSA.

28. George was awarded the entirety Plan as his sole and separate property free from any right or claim by April. (*See* **Ex. F**, at ¶ 5.4, p. 9 of 16).

29. On June 1, 2023, relying upon the MSA and the case of *Herbert v. Cunningham*, 2018 IL App (1st) 172135 (2018), counsel for George's Estate sent correspondence to April requesting April's cooperation in submitting a joint motion to this Court asking for the entry of an order directing that the Funds be turned over directly the Estate. (A true and correct copy of the June 1, 2023 correspondence is incorporated herein and attached hereto as **Exhibit G**).

30. Notwithstanding April's obligation to execute, acknowledge, and deliver, any and all documents which may be necessary or proper to carry out the purposes of the MSA to establish the sole and separate ownership of the Funds, April has steadfastly refused to undertake any action to perform under the MSA as requested by the Estate. (*See*, **Ex. F**, at ¶¶ 12.2, p. 14 of 16, and ¶ 12.3, pp. 14-15 of 16).

31. April has failed and refused to perform under the terms of the MSA by not executing documents, including but not limited to a joint motion, a release, and/or an assignment, relating to the Plan and/or its Funds.

32. Should April not be ordered to specifically perform her obligations as set forth herein by executing necessary documents to establish that the Estate is the sole, separate, and rightful owner of the Funds, the Estate will suffer irreparable harm.

33. The Estate has no adequate remedy at law as a result of April's breach of the parties' agreement.

34. April should therefore be ordered to either execute a document, deemed appropriate by the Court, assigning any interest she may have in the Plan and the Funds to the Estate, or a document stating that April has no interest in the Plan and the Funds and that she is not entitled to

the same.

35. The Estate is entitled to have April pay all of its expenses, including its reasonable attorneys' fees and costs, relating to the enforcement of the MSA as set forth in Paragraph 11.2 therein. (*See* **Ex. F**, at ¶ 11.2, p. 13 of 16).

**WHEREFORE**, the Cross-Claimant Brigitte Fauteux, as Independent Executor of the Estate of George V. Laventure, by her attorneys, Robbins DiMonte, Ltd, prays this Court enter a judgment in favor of the Estate and against Cross-Defendant April LaVenture setting forth the following relief:

A. Compelling April LaVenture to either execute a document, deemed appropriate by the Court, that assigns any interest she may have in the Plan and the Funds to the Estate or to execute a document reflecting that April LaVenture has no interest in the Plan or the Funds;

B. Awarding Brigitte Fauteux, as Independent Executor of the Estate of George V. Laventure, all expenses, costs of suit, and attorneys' fees; and

C. Awarding such other and further relief as the Court may deem just and proper.

### COUNT II: BREACH OF CONTRACT (IN THE ALTERNATIVE)

36. The Estate incorporates and realleges Paragraphs 1 through 35 above as though set forth as Paragraph 36 herein.

37. Marital settlement agreements are contractual in nature and are governed by principles of contract law.

38. The terms of the parties' MSA are clear, definite, certain, and free from any ambiguity. Under proper rules of contract construction, and applicable principles of equity, it is easy to ascertain what the parties have agreed to do pursuant to the plain language of the MSA.

39. George was unequivocally awarded the entirety of the Prudential Deferred

Compensation Plan x4482, "as his sole and separate property, free and clear of any interest of [April]." (*See* **Ex. F**, at ¶ 5.4, p. 9 of 16).

40. The MSA required April to transfer, assign, and convey all rights in and to the Plan to George. (*See*, **Ex. F**, at ¶¶ 12.2, p. 14 of 16, and ¶ 12.3, pp. 14-15 of 16).

41. Further, the parties' MSA makes clear that April relinquished, released, waived, granted, and assigned to George all rights of distribution and all other right, title, claim, interest and estate as Husband and Wife, widow or widower. (*See* **Ex. F**, at ¶ 12.3, pp. 14-15 of 16).

42. In direct contravention of the plain language of the MSA, April has made a claim to the Funds derived from the Plan.

43. April's claim to the Funds derived from the Plan is a breach of the parties' agreement.

44. George and the Estate have performed all obligations required by the MSA.

45. As a direct and proximate result of April's breach of the express and implied covenants and warranties in her performance of the MSA as discussed herein, the Estate has suffered damages.

46. The Estate is entitled to have April pay all of its expenses, including its reasonable attorneys' fees and costs of enforcement of this Agreement, pursuant to Paragraph 11.2 of the MSA. (*See* Id. at ¶ 11.2, p. 13 of 16).

**WHEREFORE**, Cross-Claimant, Brigitte Fauteux, as Independent Executor of the Estate of George V. Laventure, prays that this Court enter judgment in its favor and against the Cross-Defendant, April LaVenture, setting forth the following relief:

A. Awarding Brigitte Fauteux, as Independent Executor of the Estate of George V. LaVenture the sum of $682,257.31;

B.    Awarding Brigitte Fauteux, as Independent Executor of the Estate of George V. LaVenture all costs of suit and attorneys' fees; and

C.    Awarding such other and further relief as the Court may deem just and proper.

### COUNT III: PETITION FOR REGISTRATION OF JUDGMENT FOR ENFORCEMENT (IN THE ALTERNATIVE)

47.    The Estate incorporates and realleges Paragraphs 1 through 46 above as though set forth as Paragraph 47 herein.

48.    On February 11, 2021, the Circuit Court of Cook County entered the Judgment, which, in pertinent part, incorporated the MSA. (See **Ex. A** at ¶ 9). (See also, **Ex. F** at ¶ B).

49.    The Judgment was entered in an action that involved, in part, the recovery of money or property.

50.    George was unequivocally awarded the entirety of the Prudential Deferred Compensation Plan x4482, "as his sole and separate property, free and clear of any interest of [April]." (*See* **Ex. F**, at ¶ 5.4, p. 9 of 16).

51.    Notwithstanding the above, April has made a claim to the Funds derived from the Plan.

52.    As previously pled, on June 20, 2023, the Court entered an Order authorizing the registry of the Court to receive $682,257.31 from Prudential pending further order of the Court, dismissing Prudential from this litigation, and enjoining the parties from initiating or pursuing any other proceeding related to the subject matter of the Complaint elsewhere. (See, **Exhibit E**).

53.    The Estate seeks registration of the Judgment and enforcement of the same pursuant to 28 U.S.C.A § 1963, which provides that judgments from other courts may be registered by filing a certified copy of the judgment in a district court.

54.    A judgment so registered shall have the same effect as a judgment of the district

court of the district where registered and may be enforced in a like manner. (See 28 U.S.C.A § 1963). (See also, e.g., *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 625 (7th Cir. 2013) (concluding that § 1963 does not bar federal courts from enforcing judgments rendered by state courts.).

**WHEREFORE**, the Cross-Claimant, Brigitte Fauteux, as Independent Executor of the Estate of George V. Laventure, prays that this Court register the February 11, 2021 Judgment of Dissolution of Marriage entered by the Circuit Court of Cook County, and for such other and further relief as the Court may deem just and proper.

### COUNT IV: PETITION FOR RULE (IN THE ALTERNATIVE)

55. The Estate incorporates and realleges Paragraphs 1 through 54 above as though set forth as Paragraph 45 herein.

56. The MSA requires April to take appropriate action to transfer, assign, and convey all rights in and to the Plan and the Funds to George. (*See*, **Ex. F**, at ¶¶ 12.2, p. 14 of 16, and ¶ 12.3, pp. 14-15 of 16).

57. Contrary to the provisions of the MSA, April has failed and willfully refused, and continues to fail and willfully refuse, to take the action necessary to transfer, assign, and convey all rights in and to the Plan and the Funds to George's Estate.

58. April has no legally sufficient reason for her failure to comply with the terms of the MSA.

59. April has the ability and capacity to comply and take the action necessary to transfer, assign, and convey all rights in and to the Plan and the Funds to George's Estate.

60. April's failure and refusal to take the action necessary to transfer, assign, and convey all rights in and to the Plan to the Estate is willful and communications of the Judgment, the MSA, and the judicial system.

61. April's conduct has defeated and impaired the rights and interests of the Estate, and further has impeded and obstructed the judicial system's administration of justice.

62. April's failure to comply with the MSA is without compelling cause or justification, and accordingly, the Estate is entitled to its attorney's fees and costs pursuant to 750 ILCS 5/508.

**WHEREFORE**, the Cross-Claimant, Brigitte Fauteux, as Independent Executor of the Estate of George V. Laventure, prays that this Court enter judgment in its favor and against the Cross-Defendant, April LaVenture, setting forth the following relief:

A. The issuance of a rule requiring the Cross-Defendant April LaVenture, to show cause, if any she can, why she should not be held in indirect civil contempt of this Court and punished for failure to comply with the Judgment of Dissolution of Marriage entered in Cook County, Illinois;

B. Awarding Brigitte Fauteux, as Independent Executor of the Estate of George V. Laventure the sum of $682,257.31;

C. Awarding Brigitte Fauteux, as Independent Executor of the Estate of George V. Laventure all costs of suit and attorneys' fees; and

D. Awarding such other and further relief as the Court may deem just and proper.

                                            Respectfully submitted,
                                            Brigitte Fauteux, in her capacity as
                                            Independent Executor of the Estate of
                                            George V. LaVenutre,

                                       By:   */s/ Dominic G. Erbacci*
                                                    One of her Attorneys

Riccardo A. DiMonte
rdimonte@robbinsdimonte.com
Atty. No. 6191706
Dominic G. Erbacci

derbacci@robbinsdimonte.com
Atty. No. 6329651
Robbins DiMonte, Ltd.
216 Higgins Rd.
Park Ridge, IL 60068
Tel. (847) 698-9600