UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COMMITTEE, AS PLAN ADMINISTRATOR OF THE PRUDENTIAL INSURANCE COMPANY OF AMERICA DEFERRED COMPENSATION PLAIN and THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>APRIL LaVENTURE and BRIGITTE FAUTEUX, IN HER CAPACITY AS INDEPENDENT EXECUTOR OF THE ESTATE OF GEORGE V. LaVENTURE,<br><br>　　　　Defendants<br><br>BRIGITTE FAUTEUX,<br><br>　　　Cross-Plaintiff/Cross-Defendant,<br><br>　v.<br><br>APRIL LaVENTURE<br><br>　　Cross-Defendant/Cross-Plaintiff. | No. 23-cv-902<br><br>The Hon. Steven C. Seeger, Judge Presiding |

### APRIL LaVENTURE'S CROSSCLAIM
### FOR DECLARATORY JUDGMENT

Cross-Defendant/Cross-Plaintifff, April Laventure, through her attorneys, Beermann LLP, and pursuant to 28 U.S.C. §2201, Crossclaims for Declaratory Relief against Cross-Plaintiff/Cross-Defendant, Brigitte Fauteux, Independent Executor of the Estate of George LaVenture (the "**Estate**") as follows:

### THE PARTIES

1.　Brigitte Fauteux is the Independent Executor of the Estate of George V. LaVenture, a Cook County, Illinois decedent's estate.

2.　April, George's former wife, and is resident of the State of Indiana.

3. Both April and the Estate are claimants to a deferred compensation account previously owned by George and administered by Plaintiffs, Committee, as Plan Administrator of The Prudential Insurance Company of America Deferred Compensation Plain and The Prudential Insurance Company Of America (the "**Prudential Plaintiffs**").

## JURISDICTION AND VENUE

4. This Court has jurisdiction of the original interpleader action. This crossclaim arises out of the same events, and therefore, pursuant to Fed. R. Civ. P. 18(a), jurisdiction is proper. Additionally, because the remaining parties to this matter are diverse and the amount in controversy exceeds $75,000, jurisdiction is also proper pursuant to 27 U.S.C. §1332.

5. Venue is proper in this jurisdiction pursuant to the original action and because the events or omissions giving rise to the dispute occurred in Cook County, Illinois.

## FACTUAL BACKGROUND

6. George and April were married in 2010.

7. During his life, including during and after his marriage to April, George was a participant in The Prudential Insurance company of America Deferred Compensation Plan x4482 (the "**Plan**"), administered by the Prudential Plaintiffs.

8. On February 11, 2021 the Circuit Court of Cook County Illinois entered a Judgment dissolving George and April's marriage, which Judgment incorporated a written Marital Settlement Agreement (the "**MSA**").

9. Before, during, and after his and April's divorce proceedings, George received regular monthly account statements from the Prudential Plaintiffs for the Plan.

10. Each of those statements indicated April's status as beneficiary and contained the following language:

> **Is your beneficiary information up to date?**
> If not, you can change your beneficiary elections online at retirementnq.prudential.com.

11. Despite his awareness of April's status as beneficiary of the Plan, and despite his knowledge of his ability to remove her as beneficiary, George did not remove April as beneficiary of the Plan following their 2021 divorce.

12. Following George and April's divorce, George removed April as the beneficiary from other accounts awarded to him pursuant to their MSA, including those at Woodbury Financial.

13. George reasonably knew or should have known that April remained the named beneficiary of the Plan following their divorce, but did not take any steps to remove her as said beneficiary.

14. Upon information and belief, George knowingly kept April on as beneficiary of the Plan.

15. April remained the sole beneficiary of the Plan at the time of George's death in June 2022.

16. At the time of George's death, the value of the Plan totaled $682,257.31.

17. The Prudential Plaintiffs filed this interpleader action on February 14, 2023.

18. On June 20, 2023, the Court granted their request to deposit the Plan funds with the Court and to dismiss the Prudential Plaintiffs from this matter.

## COUNT I: DECLARATORY JUDGMENT

19. April incorporates paragraphs 1-18 of this Crossclaim as if fully set forth herein.

20. Both April and the Estate have made competing claims to the funds presently held in the Plan.

21. April takes the position that George's continued designation of her as the sole beneficiary of the Plan following their divorce should control the disposition of the Plan funds.

22. The Estate takes the position that this Court should ignore the Plan's beneficiary designation and allow the Plan funds to become part of George's estate.

23. A substantial controversy exists between April and the Estate, who have adverse legal interests.

24. Their controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

25. 28 U.S.C. §2201(a) provides that this Court may

> declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration

      shall have the force and effect of a final judgment or decree
      and shall be reviewable as such.
      28 U.S.C.A. § 2201

26. This Court should enter a judgment here respecting George's beneficiary designation and declaring April entitled to the entirety of the Plan funds presently on deposit with this Court.

WHEREFORE, Cross-Plaintiff April LaVenture, respectfully requests that this Court enter a declaratory judgment in accordance with title 28 U.S.C. §2201 of the Federal Code of Civil Procedure as follows:

1. Determining her to be the sole party entitled to the Plan funds by virtue of her beneficiary designation;

2. Determining that the Estate has no right, title, or interest in said funds; and

3. Awarding her such other and further relief as the Court may deem proper.

Respectfully Submitted,

By: /s/ *Matthew D. Elster*
One of April LaVenture's Attorneys

**BEERMANN LLP**
161 North Clark Street #3000
Chicago, Illinois 60601
312.621.9700
mdelster@beermannlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of September, 2023, a copy of the foregoing ***Crossclaim*** was filed via the court's CM/ECF system, which will send electronic notice to all counsel of record who have appeared in this case.

/s/ *Matthew D. Elster*
